TOM BAGLEY V. THE STATE.

No. 3725. Decided October 20, 1915.

Rehearing denied November 17, 1915.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Indictment.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Continuance—Immaterial Testimony.**

Where, upon appeal from a conviction of selling intoxicating liquors in local option territory, the record showed that the alleged absent testimony was immaterial, there was no error in the court's overruling the application for a continuance and for new trial on this ground.

**3.—Same—Requested Charges—Accomplice.**

The fact that a person purchases intoxicating liquors from one who sells it in violation of the law, under article 602, Penal Code, shall not constitute such person an accomplice, and there was no error in the court's not submitting a requested charge on accomplice testimony.

**4.—Same—Accomplice—Sheriff.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the testimony showed that the sheriff had agreed to pay witness $25 for each bootlegger he might detect, etc., this did not make the sheriff an accomplice. Following Walker v. State, 72 S. W. Rep., 401.

**5.—Same—Occupation—Definition.**

The fact that defendant was a cattle buyer would not prevent him from also pursuing the occupation of selling intoxicating liquors in local option territory. Following Fitch v. State, 58 Texas Crim. Rep., 366; 127 S. W. Rep., 1040.

Appeal from the District Court of Harrison. Tried below before the Hon. P. O. Beard, Special Judge.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Lane & Lane,* for appellant.—On question of continuance: Cohen v. State, 110 S. W. Rep., 66.

On question of accomplice testimony: Trinkle v. State, 60 Texas Crim. Rep., 187, 131 S. W. Rep., 583; Ray v. State, 131 S. W. Rep., 542; Fox v. State, 109 S. W. Rep., 370.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of accomplice: Sears v. State, 35 Texas Crim. Rep., 442; Morrow v. State, 56 id., 519.

HARPER, JUDGE.—Appellant was convicted of pursuing the business of selling intoxicating liquor in prohibition territory and his punishment assessed at three years confinement in the State penitentiary.

A motion in arrest of judgment was filed, insisting the indictment alleged no offense against the laws of this State. In the brief filed by appellant's counsel this question is not presented. We judge that upon further examination of the indictment appellant's counsel ascertained it was in language frequently approved by this court, and that this court had held that such indictment charged the offense alleged.

Appellant insists that the court erred in overruling his application for a continuance on account of the absence of the witnesses A. L. Hayden and Wirt Hope. By these witnesses he states he expected to prove that each of them were with appellant on the 26th day of February from 10 o'clock in the morning until 5:30 o'clock in the afternoon, and during that time he did not sell any whisky to Jess Richardson nor C. W. Blueher. In approving the bill of exceptions the court states: "The evidence shows that neither Wirt Hope nor A. L. Hayden were in the City of Marshall, Harrison County, on the 27th day of February and knew nothing of the sales of liquor to either Jess Richardson or C. W. Blueher on the 27th." If appellant expected to prove his whereabouts on the 26th and the evidence on the trial shows that the sales, if any made, were made on the 27th, and not the 26th, the testimony would be material to no issue in the case. Again, the witness Richardson testified he purchased one bottle of the whisky about 9:30 in the morning, and the other after dark,—about 7:30 in the evening. Blueher testified he purchased the whisky he claimed to have bought about dark. So if Hayden and Hope would testify they were with appellant from 10 o'clock to 5:30 and he sold Richardson and Blueher no whisky during that time, it would in no sense dispute the State's testimony, nor have any tendency to show it was not true. The record disclosing the testimony would be material to no issue in the case, the court did not err in overruling the motion for a new trial on this ground.

This case was tried the 14th day of last April, and no exceptions were reserved to the charge of the court as given, although there were several special charges requested. Special charge No. 1 seems to have been embodied in and made a part of the court's main charge,—at least it is fully covered by the court's charge. The other special charges requested relate to accomplice testimony, and requests the court to in-

struct the jury that Jess Richardson, C. W. Blueher and Sheriff Sanders were accomplices, under their testimony, and requested the court to apply the law of accomplice's testimony to their evidence. Appellant refers to article 801 of the Penal Code. If the evidence suggested these men were accomplices, then, of course, the provisions of article 801 ought to have been given in charge to the jury, but article 602 of the Penal Code provides: "The fact that a person purchases intoxicating liquor from one who sells it in violation of the provisions of this chapter, shall not constitute such person an accomplice."

Richardson testified he purchased one bottle of whisky from appellant on the 27th about 9:30 in the morning; and purchased another bottle on the same day about 7:30 in the evening. He testified the sheriff had agreed to pay him $25 for each bootlegger he might detect, provided the sheriff was placed in such position he might see the sale made. Sheriff Sanders testified he made that agreement and saw appellant make the sales to Richardson. Appellant insists that notwithstanding the above provision of the Code the fact that Sanders had agreed to pay Richardson $25 for each bootlegger he might aid him in catching would render them accomplices, bringing them both within the rule governing accomplices' testimony. This was decided adversely to appellant in Walker v. State, 72 S. W. Rep., 401, soon after the adoption of article 602. In that case, this court, speaking through Judge Davidson, held: "Alexander was the purchaser, and Hightower was president of the Anti-saloon League, who employed Alexander to ferret out violations of the local option law, and it may be conceded that Alexander induced appellant to sell him the whisky for the purpose of instituting criminal proceedings against him. It is sufficient answer to all these questions to say that under the facts neither of the witnesses is an accomplice," citing the above provision of the Code. The rule as thus announced has been adhered to. See Branch's Criminal Law, sec. 554.

Appellant at the same time may have been a cattle buyer, but this would not prevent him from also pursuing the occupation of selling liquor to all who applied to him, and this he seems to have done. Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1046.

The judgment is affirmed

*Affirmed.*

[Rehearing denied November 17, 1915.—Reporter.]